UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-93-R

WILLIAM RAY SHARP                                                    PLAINTIFF

v.

PADUCAH & LOUISVILLE RAILWAY, INC.                          DEFENDANT

**OPINION AND ORDER**

This matter is before the Court on Paducah & Louisville Railway, Inc.'s ("P&L") Motion in Limine to Exclude Evidence regarding P&L's Failure to Initiate Formal Disciplinary Charges Against Sharp for Rules Violations (Docket #19). William Ray Sharp ("Sharp") has replied (Docket #20). This matter is ripe for adjudication.

P&L seeks to exclude the introduction of any evidence pertaining to P&L's failure to file a disciplinary action against Sharp under the Railway Labor Act ("RLA") pursuant to its collective bargaining agreement for alleged violations of P&L Operating Rule 103(d) and Safe Job Procedure #18. Citing Federal Rules of Evidence 401 and 403, P&L argues that its decision not to initiate disciplinary proceedings against Sharp bears no relevancy to the case at hand, a Federal Employers' Liability Act ("FELA") action, and/or the probative value of such evidence is substantially outweighed by the undue prejudice, confusion of issues, delay, and misleading of the jury that would result from its admittance. For the following reasons, the Court finds that the evidence should be excluded.

In making its argument, P&L primarily relies on *Atchison, Topeka and Santa Fe Ry. Co. v. Buell*. 480 U.S. 557 (1987). *Buell* involved a railroad carman who sued his employer,

alleging that he suffered severe personal injuries as a result of the railroad's failure to provide a safe working environment. *Id.* at 559. At issue in the case was whether the employee's FELA action was precluded by the arbitration procedure in place pursuant to the railroad's collective bargaining agreement, which adopted the procedures of the RLA. *Id.* at 560. The Supreme Court concluded the RLA's arbitration procedure was not the exclusive remedy available to the employee, and that he could proceed with his claim for recovery under FELA. *Id.* at 564-65 ("It is inconceivable that Congress intended that a worker who suffered a disabling injury would be denied recovery under the FELA simply because he might also be able to process a narrow labor grievance under the RLA to a successful conclusion."). In other words, the Supreme Court held that whether or not an employee has sought redress under the RLA has no preclusive effect on that employee's ability to assert a FELA claim.

P&L asserts that *Buell* stands for the proposition that it is irrelevant that P&L did not seek disciplinary action against Sharp under the RLA because any determination made pursuant to RLA procedures would not prevent Sharp from asserting his FELA claims. This reasoning, however, is misplaced. *Buell* stands for the proposition that a plaintiff need not resolve his complaint under the RLA before bringing his action to federal court under FELA. *Buell* is silent in regard to the evidentiary implications that the outcome of one proceeding may have on another.

To that end, P&L relies on *Graves v. Burlington Northern and Santa Fe R.R. Co.*, which states that a plaintiff's FELA claim for personal injuries due to the negligence of the defendant is not barred by the completion of a previous disciplinary hearing conducted pursuant to the RLA. 77 F.Supp.2d 1215, 1219 (E.D. Okla. 1999). In *Graves*, the plaintiff-employee was injured

when he fell off a rail car. *Id.* at 1217. He was then terminated in a subsequent RLA hearing for filing a false injury report. *Id.* Plaintiff then brought a FELA action, not in regard to his termination, but rather for the personal injuries he suffered from his fall. *Id.* The district court concluded that the decision made under the RLA in regard to the plaintiff's termination had no barring on the plaintiff's FELA action for personal injuries. *Id.* at 1219 ("This court finds plaintiff's claim for personal injuries due to the negligence of the defendant are not barred by the previous disciplinary hearing conducted pursuant to the Railway Labor Act and the collective bargaining agreement.").

P&L's reliance on *Graves*, too, is misplaced. In *Graves*, the court's decision spoke to the ability of the plaintiff to file a FELA claim for personal injuries following a RLA hearing on a related subject matter, namely the plaintiff's termination. Thus, its focus pertained to the plaintiff's claim of personal injury in regard to issues of "estoppel, collateral estoppel, or res judicata," not the ability of the plaintiff to present evidence regarding the RLA hearing in making his FELA claim. Here, the holding in *Graves* is distinguishable because no RLA hearing has taken place. Furthermore, the issue before the Court is not one of estoppel or preclusion, but one of admissibility of evidence.

Evidence of whether or not P&L choose to pursue a disciplinary action against Sharp pursuant to RLA procedure is relevant for the purpose of determining comparative fault. Sharp asserts in his complaint that he was injured at the fault of P&L's negligence. Whether Sharp's injuries were the fault of P&L in whole or in part may turn upon whether Sharp was following P&L operating or safety rules at the time of his injury. P&L's decision not to pursue disciplinary action under the RLA is relevant because it tends "to make the existence of any fact that is of

3

consequence to the determination of the action more probable or less probable than it would be without the evidence," namely whether or not a particular operating or safety rule is applicable to these facts. FED. R. EVID. 401.

Despite the relevancy of the evidence, the Court believes that a complete explanation of it to the jury would prove too confusing and misleading. P&L argues that the evidence would confuse and mislead the jury because P&L would have to explain in detail the complexities of the collective bargaining agreement and the RLA process, and the reasons, unrelated to the issue of negligence, why P&L may have decided not to pursue disciplinary action (e.g., cost effectiveness, deterrence effect). The Court agrees.

Moreover, as the Court understands it, the issue of negligence turns in part on whether or not P&L Operating Rule 103(d) and Safe Job Procedure #18 applied at the time of Sharp's accident. Sharp remains free to present evidence that the operating and safety rules did not apply, and P&L is free to present evidence that the rules did apply. Had a disciplinary proceeding occurred, and the plaintiff found to have violated a particular operating or safety rule, the result would not have been admissible. The slight probative value of P&L's failure to file a disciplinary proceeding is relevant only as to whether a particular operating or safety rule is applicable, not whether the rule was or was not violated. Accordingly, the probative value of the evidence does not survive Federal Rule of Evidence 403 analysis. When the Court weighs the complexity of introducing evidence of the collective bargaining agreement and the RLA process, compared to explaining to the jury the factual issue of whether or not a operating and safety rule applied, the relevancy of the evidence of the disciplinary action is substantially outweighed by the danger of confusing the issues and misleading the jury. *See* FED. R. EVID. 403.

For the foregoing reasons, P&L's Motion in Limine is **GRANTED.**